**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| Matthew and Christine Hood | : | |
| | : | |
| Petitioners | : | |
| | : | |
| v. | : | Civil No. L-04-3965 |
| | : | |
| Tony Eldridge | : | |
| | : | |
| Respondent | : | |

**MEMORANDUM**

Now pending is the plaintiffs' motion for reconsideration and second motion for reconsideration.  For the reasons stated herein, the Court will, by separate Order, DENY both motions.  In addition, the Clerk will TRANSFER the related case, Civil No. 05-3329, to the undersigned, and the parties are ORDERED to file a status report.

**I.   Background**

On December 17, 2004, Matthew and Christine Hood filed a complaint against Tony Eldridge, alleging injuries in tort resulting from a car accident.  The plaintiffs filed the suit pursuant to the Court's diversity jurisdiction.[1]  According to the complaint, however, plaintiff Christine Hood resides in Maryland, as does defendant Tony Eldridge.

Two problems arose immediately.  First, although the plaintiffs promptly served the defendant, they did not file an affidavit of service.[2]  Accordingly, the Court did not know until

_____

[1]     28 U.S.C. § 1332(a)(1) reads: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . Citizens of different States . . ."

[2]     Federal Rule of Civil Procedure 4(m) and Local Rule 103.8 require the plaintiff to file an affidavit of service.

months later that the answer was long overdue.  Second, when the Court saw that the parties

lacked diversity, it issued a show cause order to the plaintiffs asking them why the case should

not be dismissed.  The plaintiffs never responded to the show cause order, and the Court

dismissed the case without prejudice on July 14, 2005.

Four and one half months later (November 30th), the plaintiffs filed a motion for

reconsideration.  They filed a second motion for reconsideration on December 6, 2005.

## II.   Analysis

The motions to reconsider must both be denied because they were filed too late.  Under

Local Rule 105(10), "Except as otherwise provided in Fed. R. Civ. P. 60, any motion to

reconsider any order issued by the Court shall be filed with the Clerk *not later than 10 days after

entry of the order*."  (Emphasis added).[3]

No ostensible need exists for this Court to resurrect L-04-3965.  On December 15, 2005,

the plaintiffs filed an identical suit, which the Clerk assigned to Judge J. Frederick Motz (Civil

No. JFM–05-3329).  The defendant has not asserted a procedural bar that would disqualify the

second suit, which will be reassigned to the undersigned as a related case.[4]

From the papers filed in Judge Motz's case, it appears that the parties have conducted

some discovery.  On or before February 20, 2005, the parties must file a status report answering

the following questions:

---

[3]      Federal Rule of Civil Procedure 60 allows the Court to reconsider an order for
"mistake, inadvertence, surprise, or excusable neglect . . . or any other reason justifying relief
from the operation of the judgment . . ." The plaintiffs have not demonstrated excusable neglect
or any other reason "justifying relief."

[4]      Because the second case is identical to the first, under this Court's procedures the
latter should have been assigned to the same judge as the former.

(i)      Does the defendant dispute diversity jurisdiction?

(ii)     What discovery has been completed and what discovery is left?

(iii)    Do the parties agree to a settlement conference after discovery has ended?

(iv)    Does either side anticipate filing a motion for summary judgment?

**IV.    Conclusion**

For the foregoing reasons, the motions for reconsideration are denied.  Civil No. JFM-05-

3329 will be transferred to the undersigned, and the parties are ordered to file a status report

within two weeks.


It is so ORDERED this 6th day of February, 2006.


_____/s/_____
Benson Everett Legg
Chief Judge